UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD D. BUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   1:13-cv-00878-RLY-MJD |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES
and PLAINTIFF'S SUPPLEMENTAL MOTION FOR AWARD OF
ATTORNEY'S FEES**

Plaintiff, Richard Buis, brings this action seeking attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1) ("EAJA"), as the prevailing party in an action against the United States. Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), objects. For the reasons set forth below, the court **GRANTS IN PART** Plaintiff's motion for attorney's fees and his supplemental motion for additional attorney's fees.

**I.      Background**

On June 30, 2006, Plaintiff filed his application for benefits, alleging disability due to various ailments, including rheumatoid arthritis, depression, neuropathy, and fibromyalgia. Buis's application was initially denied on September 18, 2006, and denied on reconsideration on December 6, 2006. On January 21, 2009, a hearing was held before an Administrate Law Judge ("ALJ"). The Appeals Council granted Plaintiff's

1

request for review, and remanded the matter because the ALJ's residual functional capacity assessment did not specify Plaintiff's sit/stand limitations.

On remand, a second initial hearing was held on September 30, 2010, before a different ALJ, with a supplemental hearing on May 4, 2011, to allow Plaintiff to review evidence that had been submitted anonymously. A second supplemental hearing was held on August 11, 2011, to obtain additional evidence from the vocational expert.

The ALJ found that Plaintiff had the following severe impairments: rheumatoid arthritis, fibromyalgia and obesity. After reviewing the mental health functional areas, the ALJ found that Plaintiff's depression caused only a "mild" limitation. The ALJ concluded that Plaintiff was not under a disability at any time from the alleged onset date through the date of last insured. Plaintiff appealed to the Appeals Council, which denied his request for review. The Appeals Council denied Plaintiff's second request for review on April 10, 2013, making the ALJ's decision the final decision for purposes of judicial review.

On May 30, 2013, Plaintiff appealed the ALJ's decision to this court, and on June 30, 2014, the Magistrate Judge recommended that the court affirm the judgment of the ALJ. On July 14, 2014, Plaintiff filed an Objection, and on February 11, 2015, this court issued its Entry Adopting in Part and Rejecting in Part the Magistrate Judge's Report and Recommendation. Plaintiff now moves for fees under the EAJA in the amount of $36,025.55 and an additional $8,798.35 spent reviewing the Commissioner's Response to Plaintiff's Motion for Attorney's Fees and formulating a Reply, for a total of $44,823.90.

## II.     Standard for Fee Award under the EAJA

Pursuant to the EAJA, 28 U.S.C. ' 2412(d)(1)(A), a court

> shall award to a prevailing party other than the United States fees and other expenses. . . , incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Accordingly, a plaintiff is entitled to fees and expenses if "(1) he was a 'prevailing party'; (2) the government's position was not 'substantially justified'; (3) there existed no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court." *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The only element in dispute is whether the Government's position was substantially justified.

The position of the Government includes both its position during litigation and its position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D). The substantial justification standard requires the Government to show its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark,* 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotations and citations omitted). The court is required to examine the Government's position in both the pre-litigation and litigation contexts. *Id.* When errors are made by the ALJ, the Commissioner is held accountable. *Cummings v. Sullivan,* 950 F.2d 492, 496-97 (7th Cir. 1991).

3

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The standard is satisfied upon the existence of a "genuine dispute," or if reasonable people could differ as to the appropriateness of the contested action. *Id*. (quotations omitted). The Supreme Court explained:

> [A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e*., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Id*. at 566 n.2. *See also Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its decision."). The burden of proving substantial justification rests with the Commissioner. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996); *Smith v. Bowen*, 663 F. Supp. 59, 60 (S.D. Ind. 1987).

### III.   Discussion

In the instant case, Plaintiff raised the following six allegations of error regarding the ALJ's decision in his brief, including that:

(1)   the ALJ improperly evaluated the opinion of Plaintiff's treating rheumatologist, Dr. Harry Staley;

(2)   the ALJ improperly evaluated whether Plaintiff's impairments met or medically equaled Listing 14.09B;

(3)   The ALJ improperly evaluated the medical opinions of state agency medical consultants, Dr. Richard Wenzler and Dr. M. Ruiz, with regard to Plaintiff's ability to stand and walk during an eight hour work day;

    (4)    the ALJ improperly evaluated the credibility of Plaintiff's testimony;

    (5)    the ALJ's step five finding was not supported by substantial evidence because the vocational expert failed to provide a proper foundation for the number of jobs; and

    (6)    the ALJ failed to evaluate the medical opinion of treating psychiatrist, Dr. Susan Schneider.

(Filing No. 22). In his Report and Recommendation, the Magistrate Judge rejected each of Plaintiff's six challenges to the ALJ's decision, finding that substantial evidence supported the ALJ's determination that Plaintiff was not disabled. As such, the Magistrate Judge recommended that the Commissioner's decision be affirmed on all six issues. (Filing No. 39).

Upon consideration of the Magistrate Judge's Report and Recommendation in light of Plaintiff's Objection, the court adopted the Magistrate Judge's findings with regard to issues numbered 3, 5, and 6, and rejected his findings with regard to issues 1, 2, and 4.

    **A.**    **Dr. Staley's September 2010 Assessment**

Plaintiff raises three issues with respect to the opinion of Dr. Staley: (1) the Commissioner did not have a rational reason for believing the September 2010 assessment could be rejected because it was completed two years after the date he was last insured ("post-DLI"); (2) the ALJ failed to evaluate the September 2010 assessment; and (3) the ALJ "played doctor" by discounting the September 2010 assessment. Because the September 2010 assessment was post-DLI evidence, the court will discuss issues (1) and (2) together.

5

### 1.     The September 2010 Assessment

Plaintiff argues the Commissioner's position was not substantially justified because the ALJ failed to evaluate Dr. Staley's Medical Source Statement ("assessment") dated September 12, 2010. In that assessment, Dr. Staley found, *inter alia*, that Plaintiff has significant limitations in doing repetitive handling or fingering. Dr. Staley estimated that during an 8-hour workday, Plaintiff could perform handling and fingering with each hand for only one-third of an 8-hour workday. (R. 1323-1324). The Commissioner advanced two arguments in support of the ALJ's finding: (1) the evidence was irrelevant because the assessment is dated two years after his date of last insured; and (2) Dr. Staley undermined the reliability of his own opinion by handwriting on the assessment that his opinion of Plaintiff's functional abilities and limitations was a "[p]ure estimate," explaining that he did "not do functional assessments." (Filing No. 34 at 4-5; Tr. at 1321, 1324). The Magistrate Judge agreed with the Commissioner. (Filing No. 39 at 11-12).

In rejecting the Magistrate Judge's recommendation, the court found that post-DLI evidence is generally relevant. *Halvorsen v. Heckler*, 743 F.2d 1221, 1226 (7th Cir. 1984). The court found the "ALJ cannot simply ignore evidence from a treating physician he disagrees with." (*See* Filing No. 42 at 7) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). The court further found, however, that the ALJ did consider the May 31, 2011 assessment from Dr. Staley and, as such, did consider post-DLI evidence.

Having reviewed the record in this case, the court finds the ALJ should have also addressed the September 2010 assessment. "While an ALJ is not required to give a

written evaluation of every piece of evidence in the record, *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995), an ALJ may not completely ignore the report of a treating source," *Henderson v. Barnhart*, 205 F. Supp. 2d 999, 1013 (E.D. Wis. 2002)." *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 773 (E.D. Wis. 2004) (quoting *Samuel v. Barnhart*, 295 F. Supp. 2d 926, 946 (E.D. Wis. 2003)). By failing to address Dr. Staley's September 2010 assessment, the ALJ made it impossible for "the reviewing court to tell whether the evidence was rejected or simply overlooked." *Id*. at 774 (citing cases). Accordingly, the court finds the Commissioner's position was not substantially justified.

### 2. The ALJ "Played Doctor"

With respect to the May 2010 assessment, the ALJ concluded:

> The only findings that Dr. Staley cites in making the assessment concerning use of the hands are swelling and tenderness of the small joints in his hands and some remote, abnormal laboratory findings. In my opinion, these findings do not justify limiting the claimant to only occasional use of the hands. Moreover, such a limitation is not consistent with the other evidence in the record, such as the reports from Dr. Iodoro, or even the claimant's testimony.

(R. 22) (citing R. 1554). Dr. Iodoro, Plaintiff's primary care physician, observed that Plaintiff "has passive [range of motion] of the joints but fights it with good motor." (R. at 1014). The court concluded that the ALJ's opinion regarding whether the findings justified limiting the claimant to only the occasional use of his hands was improper because such a determination is "quintessentially a matter for medical judgment." (Filing No. 42 at 8) (quoting *Liskowitz v. Astrue*, 559 F.3d 736, 741 (7th Cir. 2009)). Plaintiff seizes upon this portion of the Entry, citing Seventh Circuit cases which warn against an

7

ALJ "playing doctor." This, he argues, is evidence that the Commissioner was not rational in believing that the ALJ's finding was defensible.

The court's ultimate decision did not rest on the ALJ's impermissible opinion; rather, the court's decision rested on whether the ALJ's "fail[ure] to articulate why Dr. Staley's statement indicating a full range of motion may still be consistent with a very limited use of the hands conflicts with other evidence. As such the court finds the ALJ failed to build the requisite logical bridge." (Filing No. 42 at 8). The ALJ's failure to articulate why he discounted the opinion of Plaintiff's treating rheumatologist over the opinion of Plaintiff's primary care physician is particularly troubling where, as here, his rheumatologist specializes in Plaintiff's claimed impairment. The Commissioner's position was, therefore, not substantially justified.

### B.   Listing 14.09B

Lastly, Plaintiff argues that the ALJ improperly evaluated whether Plaintiff's limitations meet or medically equal Listing 14.09B, inflammatory arthritis. To meet Listing 14.09B, the claimant must show the following three requirements: (1) "inflammation or deformity in one or more peripheral joints," (2) "involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity," and (3) "at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)." 20 C.F.R. pt. 404, subpt. P, App. 1. In his ruling, the ALJ found:

> [T]he foregoing evidence indicates that the claimant's impairment does not cause the very serious limitations required by Section 14.09. The claimant may have some limitations on his ability to stand and/or walk throughout a

8

>   workday or lift more than twenty pounds.  However, he has not had persistent inflammation and he is able to ambulate and to perform fine and gross movements.

(R. 19).  The ALJ's finding is consistent with an analysis of Listing 14.09A[1], but not with an analysis of Listing 14.09B.  He therefore failed to build a logical bridge from the evidence to his conclusion.  *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).  Therefore, the court cannot determine whether the Commissioner had a "rational ground for thinking it had a rational ground for its action."  *Kolman*, 39 F.3d at 177.  Again, the Commissioner's position was not substantially justified.  *See Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *4 (N.D. Ill. March 21, 2003) (finding Commissioner's position not substantially justified where the Seventh Circuit could not determine "whether the ALJ's assessment of the facts adequately addressed the criteria of [a listing]").

## C. The Fee Request

The court now turns to the amount of fees that are reasonable to award the Plaintiff.  The EAJA defines "fees and other expenses" to include "reasonable attorney fees . . . based upon prevailing market rates for the kind and the quality of the services furnished" not to exceed "$125 per hour unless the court determines that an increase in

---

[1] That listing reads:
A. Persistent inflammation or persistent deformity of:
1. One or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively (as defined in 14.00C6); or
2. One or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively 9 (as defined in 14.00C7).
20 C.F.R. pt. 404, subpt. P, App. 1.

the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has the burden to demonstrate that a cost of living increase is warranted. *Sprinkle v. Colvin*, 777 F.3d 421, 427-28 (7th Cir. 2015). Plaintiff also has the burden to show that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). In evaluating the reasonableness of a fee request, the court considers the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 430 n. 3. The prevailing party may only recover those fees that are reasonably expended; thus, "hours that are excessive, redundant, or otherwise unnecessary" are excluded from the fee calculation. *Id*. at 434. The amount of the fee award is a matter of the court's discretion. *Id*. at 437.

Plaintiff argues his attorney is entitled to an hourly rate of $187.00 due to the change in the cost-of-living index for All Urban Consumers in the entire country since the base rate set in March 1996. As additional support for an enhanced rate, Plaintiff included the affidavits of two other social security lawyers who practice in Indiana and charge substantially more than $125.00 per hour, (*see* Filing Nos. 45-1, 45-2), and cited several cases from Indiana district courts authorizing an enhanced rate. *See, e.g., Hudnall v. Astrue*, No. 1:11-cv-101, 2012 WL 2504883 (N.D. Ind. June 28, 2012) (approving an

enhanced hourly rate of $179.00 per hour); *Weber v. Astrue*, 1:10-cv-359, 2012 WL 2504877 (N.D. Ind. June 28, 2012) (approving an enhanced rate of $176.00 per hour). The Commissioner does not object to Plaintiff's asserted cost-of-living increase. Given that Plaintiff's requested hourly rate is supported by the record and is reasonable, the court will accept it.

Plaintiff also submitted two affidavits from his Counsel, each with an attachment itemizing the hours Counsel spent on this case. (Filing No. 46-1, Filing No. 62-1). Plaintiff seeks $44,823.90 for 239.7 hours his Counsel charged for work performed in federal court on this case. This equates to: 86.45 hours[2] for his work on the opening brief, 39.40 hours for his work on the reply brief, 64.5 hours for work on his Objection to the Magistrate Judge's Report and Recommendation, 2.3 hours for his initial EAJA fee request, and 47.05 hours for his EAJA reply brief. The Commissioner argues Counsel should have billed for 40.20 hours on his opening brief, 22.4 hours for his reply brief, and 14.63 hours for his work on the Objection. Counsel also filed a supplemental motion for EAJA attorney's fees, seeking an additional 47.05 hours for his work on the EAJA reply brief. The Commissioner did not respond to the supplemental motion. The court now turns to the Commissioner's objections.

    **1.**    **Opening Brief**

---

[2] These numbers, if believed, would mean that Counsel dedicated over five-and-one-half weeks just to this case.

The Commissioner argues the time billed for Plaintiff's opening brief (86.45 hours) is grossly excessive and unreasonable. The record reflects that Plaintiff's Counsel is an experienced social security litigator with specialized experience in handling social security cases in various federal courts for 27 years. (Filing No. 47, ¶ 3). In addition, Counsel represented Plaintiff at the administrative level and is familiar with the record and the facts of the case. And while the issues in the case – evaluation of treating physician and state agency physician opinions, listing analysis, credibility evaluation, and the reliability of the vocational expert's testimony – are multi-faceted and require close and careful analysis of the record, *Snider v. Astrue*, No. 1:08-cv-53, 2009 WL 1766925, at *5 (N.D. Ind. June 23, 2009), the court agrees with the Commissioner that 86.45 hours for this one brief is grossly excessive and unreasonable.

Counsel's time records reflect he billed for 18.40 hours to read the transcript and make notes (entries on 11/29/13, 11/30/13, 12/1/13), and billed 21.70 hours to prepare or revise a statement of facts (entries on 12/1/13, 12/6/13, 12/8/13, 12/12/13, 12/16/13, 12/22/13) for purposes of his opening brief. As noted by the Commissioner, writing a statement of fact necessarily requires reading the relevant portions of the transcript. His request for 18.40 hours to read the transcript and take notes is therefore denied. The court further finds, given Counsel's familiarity with the case, that 21.70 hours to prepare and revise a statement of facts should be reduced to 16 hours.

Counsel also billed 21.25 hours for his argument related to the ALJ's evaluation of Dr. Staley's opinion. The Commissioner argues these hours are excessive and redundant in light of Plaintiff's brief to the Appeals Council. (*Compare* Opening Brief, Filing No.

12

22 at 13-22, *with* brief to Appeals Council, Tr. at 515-17). The court read the relevant pages from the two documents, and finds that, while Counsel did raise many of the same arguments to the Appeals Council, his opening brief included arguments not raised with the Appeals Council. In addition, unlike Plaintiff's opening brief, the argument to the Appeals Council did not cite relevant case law nor relevant portions of the transcript. The court therefore finds Counsel should be compensated for more than "a couple of hours." (Filing No. 54 at 10). That said, 21.5 hours is excessive in light of Counsel's familiarity with the law and the facts of this case. Accordingly, the court reduces the number of hours from 21.5 to 8.

Counsel billed 5.3 hours for his argument related to the vocational expert's testimony. The Commissioner argues this is an "egregious example of excessive and improper billing for work done at the administrative level." The court reviewed Counsel's Opening Brief with the briefs submitted to the ALJ and to the Appeals Council. (Tr. at 502-18). While 5.3 hours is excessive in light of those briefs, the 45 minutes advocated by the Commissioner is too little; 1.5 hours is more appropriate. Accordingly, the court reduces the number of hours from 5.3 to 1.5. Counsel is therefore entitled to 45.05 hours for the work performed on the opening brief.

### 2. Reply Brief

The Commissioner argues the time billed for Plaintiff's reply brief (39.40 hours) is excessive and unreasonable; she therefore asks the court to strike 13 hours for vague and inadequately documented entries, and another 4 hours for arguments previously made at the administrative level and in his opening brief.

13

"[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) (citations omitted). The Commissioner argues Counsel billed time for more than one argument; for example, on 5/5/2014, Counsel billed 7 hours for "arguments #1 [Dr. Staley] & #2 [Listing]"; on 5/6/2014, he billed 1 hour for "arguments #1 & #2"; and on 5/12/2014, he billed 2.8 hours for "arguments #2 [Listing], #6 [Dr. Schneider] & #7 [argument on reversal with an award of benefits]." (Filing No. 46-1 at 2). The court agrees with the Commissioner that this type of "cluster billing" precludes the court from determining "whether the individual activities were a reasonable expenditure of time." *Harper*, 223 F.3d at 604. Accordingly, the court reduces the billed time for those entries by 10.8 hours. The court will allow Counsel 2.2 hours for "final review for additions and corrections."

The Commissioner also asks the court to scrutinize Counsel's billing for argument #1 – whether the ALJ improperly evaluated the opinion of Dr. Staley. As noted above, he billed for that argument on 5/5/2014 and 5/6/2014; the Commissioner notes he billed an additional 6.2 hours for that argument on 5/10/2014. This issue was previously addressed at the administrative level and in Plaintiff's opening brief. The court agrees that the additional 6.2 hours was excessive, and reduces the number of hours worked on that issue by 3.6 hours, for a total of 2.6 hours. Counsel is therefore entitled to 25 hours for the work done on the reply.

### 3. The Objection

Finally, the Commissioner objects to the 64.50 hours Counsel billed for work on the Objection to the Magistrate Judge's Report and Recommendation. She posits that "the amount of time he billed for work on the Objection amounted to just about the amount of time normally expected for all the work on a social security case." *See, e.g., Schulten v. Astrue,* No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases finding that permissible range of attorney hours spent in district court for social security cases is 40 to 60 hours). While the number of hours for which fees are awarded is dependent on case-specific factors, such as the complexity of the case and the size of the record, 64.5 hours spent on one brief is highly unusual, and is not justified in this instance. As an example, Counsel spent 36.15 hours for work on his argument regarding Dr. Staley; that number does not include the argument on Dr. Staley's post-DLI assessment. Furthermore, the Objection contains many of the same arguments as the reply brief. (*See* Filing No. 54 at 13 (comparing the Objection with the Reply)). The court therefore finds that 15 hours is a reasonable amount of time spent on Plaintiff's Objection.

### 4. EAJA Reply Brief

Counsel also seeks an additional 47.05 hours for work associated with his EAJA reply brief. The Commissioner did not file an objection to this request. Upon review of the time record, the court discovered: (1) Counsel billed an *additional* 7.6 hours related to the opinions of Dr. Staley; (2) he billed 2.7 hours for reading and taking notes on the Commissioner's 15-page EAJA response brief; (3) he billed 2.15 hours for the "playing

15

dr." argument, which encompassed less than one typewritten page of the reply brief; (4) he billed 2.5 hours on the "substantial justification" argument, which encompassed approximately three typewritten pages (one of which was the "playing dr." argument); and (5) he billed 0.30 hours for "EAJA reply brief," 2.5 hours for "Arg. 1 on Substantial Justification," 2.5 hours for "Argument II on Hensley factors/reasonable fee," and 4.00 hours for "Argument III on billing issues." (Filing No. 62-1). Counsel's billable time is not reasonable, particularly in light of his experience and familiarity with the case and familiarity with the relevant case law. The court finds 20 hours is more reasonable.

### III. Conclusion

For the reasons explained above, the court hereby **GRANTS IN PART** Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Filing No. 44) and **GRANTS IN PART** Plaintiff's Supplemental Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Filing No. 61). Plaintiff is entitled to $19,644.35 (105.05[3] hours x $187.00). Plaintiff assigned the EAJA fees to Counsel, and there is no evidence that Plaintiff owes a debt to the government; accordingly, payment may be made directly to Counsel.

**SO ORDERED** this 22nd day of October 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

---

[3] This number includes 2.3 hours of attorney time for work dated 7/15/2014, 8/10/2014, 4/24/2015, and 5/1/2015 that was not objected to by the Commissioner. (*See* Filing No. 46-1 at 3).

16

Distributed Electronically to Registered Counsel of Record.